## FREEDMAN v. R. H. WHITE CO.

## In re RAINBOW GARDENS, Inc.

Circuit Court of Appeals, First Circuit. December 2, 1927.

### No. 2179.

Bankruptcy ⚖140(1½)—Title to goods delivered to bankrupt under oral contract of conditional sale held not to pass on delivery, though formal contract was not executed until after delivery.

Where goods were delivered to bankrupt at various times pursuant to a prior oral contract and understanding that title should remain in seller until the price was paid, the title did not pass on delivery, though the formal written contract of conditional sale was not executed until after delivery.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of the Rainbow Gardens, Inc., bankrupt. From an order allowing the R. H. White Company to reclaim property, Samuel J. Freedman, trustee, appeals. Affirmed.

Samuel J. Freedman, of Boston, Mass., in pro. per.

Jay B. Angevine and Alexander Wheeler, both of Boston, Mass. (Hutchins & Wheeler, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition by the R. H. White Company to reclaim certain property delivered by the petitioner to the bankrupt, the Rainbow Gardens, Inc., under a lease or conditional sale contract executed March 6, 1926, the property having subsequently come into the possession of Freedman, its trustee in bankruptcy.

A hearing having been had before the referee, the petition was denied. Thereupon the R. H. White Company petitioned for a review of the order and the referee filed his certificate. While this certificate was being prepared, the trustee filed a motion requesting certain specific findings. The referee de-

nied this motion, but filed a second certificate, dealing with the matters contained in the motion.

After hearing before the District Court on these certificates of review, a decree was made reversing the order of the referee denying the petition of the White Company, and affirming the order denying the motion. From this decree the trustee appeals, and in his assignments of error complains that the District Court erred (1) in reversing the order of the referee denying the petition, on the ground that there were no findings of fact made by the District Court upon which to base a reversal of the referee's order; and (2) that there were no findings of fact made by the referee upon which he (the referee) predicated and entered his order.

As to the decree, in so far as it affirmed the referee's order denying the trustee's motion for specific findings, the trustee complains that the District Court erred (1) in that it affirmed the referee's order without considering the trustee's motion for specific findings; and (2) because the certificate of the referee is defective in that it recites merely evidence, not findings or conclusions of fact.

As to the errors assigned relating to the latter branch of the case, we think that they are without merit. The referee, in his supplemental certificate, states that some of the findings which he was requested to make were not true, and that all requested findings that were true and essential to a consideration of the case had been reported. An examination of the original certificate and the requested findings confirms this statement. He also states that the disagreement between him and the trustee in preparing his certificate was as to what was a fact, and how the facts should be stated, which was clearly the province of the referee. It is not true, as contended, that the District Court, in affirming the referee's order, did not consider the motion for special findings, for the decree appealed from recites that it was entered after arguments of counsel and due consideration given to the questions certified in the supplemental certificate, as well as the original one; the supplemental certificate being the one dealing particularly with the trustee's motion for special findings. And it is futile to contend that the original certificate of the referee merely recites evidence of facts, not findings of fact, when the certificate shows on its face that the contrary is true. Furthermore,

as the evidence is not reported, and no request was made that it should be, no basis is afforded by which it can be said that, in so far as the requests for findings were denied, the referee or court below erred. The trustee takes nothing by these assignments of error.

We will now consider the assignments relating to the reversal of the order of the referee. These assignments, so far as they concern findings of fact by the referee, are, as already said, refuted by his certificate. We assert, however, that the referee in his original certificate, not only reported the primal facts involved in the controversy but also the ultimate ones upon which he based his orders; for, having stated the primal facts, he then finds that the title passed to Rainbow Gardens, Inc., on delivery of the goods during the months of November and December, 1925, and January, 1926; that they were never reconveyed; and in the absence of a prior reconveyance concludes that the execution of the formal contract of conditional sale on March 6, 1926, was ineffectual. This conclusion of the referee, that the title passed on delivery of the goods, was reached notwithstanding he had already found that in July, 1925, the White Company and the Rainbow Gardens, Inc., had orally agreed upon a contract of conditional sale of the goods, and that "it was the intention of both parties that the transaction should be one of conditional sale, with the R. H. White Company retaining title until final payment." He did not find a waiver of this oral understanding and a change of intention at the time the goods were delivered, and the primal facts found would not justify such a conclusion; for those facts show, in addition to what has been stated was the intention of the parties as to the passing of title, that during the time the goods were being delivered and after the goods were delivered the White Company was writing and calling upon Rainbow Gardens, Inc., to sign the formal lease, which it finally succeeded in having done on the 6th of March, 1926. The District Court evidently disapproved the finding of the referee that title passed on delivery, and ruled or found that it passed, when the parties intended it should, upon the goods being fully paid for. This being so, it was fully warranted in reversing the order of the referee and entering the decree that it did.

The decree of the District Court is affirmed, with costs to the appellee.